UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MIKE MATRACIA and HEIDI K. MATRACIA, | NO. CIV. 2:11-190 WBS JFM |
| Plaintiffs, | MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS AND TO STRIKE |
| v. | |
| JP MORGAN CHASE BANK, NA; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; FIRST AMERICAN TITLE COMPANY; PLACER TITLE COMPANY; COMERICA BANK CALIFORNIA; DOES 1 through 10, | |
| Defendants. | |

----oo0oo----

        Plaintiffs Mike Matracia and Heidi K. Matracia bring this action against defendants JP Morgan Chase Bank, NA ("JP Morgan"), First American Loanstar Trustee Services, LLC ("Loanstar"), First American Title Company ("FATC"), Placer Title Company ("Placer Title"), and Comerica Bank California, arising from defendants' allegedly wrongful conduct related to a residential loan.  Defendants Loanstar and FATC have filed a

1

joint motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 9.) Defendant Placer Title has filed a motion to strike, which the court construes as a motion to dismiss, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Docket No. 8.)

I.   Factual and Procedural Background

In December of 2007, plaintiffs obtained a loan from JP Morgan, secured by their residence at 1659 Bunting Way of Lincoln, California. (Compl. ¶¶ 1, 37, Ex. A (Docket No. 1).) Plaintiffs have defaulted on their loan and notices of default and trustee's sale have been filed, although a foreclosure sale has not yet occurred. (Id. ¶¶ 15-17, 29, 39-42, 137, Exs. B, F.)

On January 21, 2011, plaintiffs filed their Complaint, alleging claims under (1) Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, (2) Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, (3) Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and (4) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, as well as claims for (5) fraudulent misrepresentation, (6) breach of fiduciary duties, (7) unjust enrichment, (8) civil conspiracy, (9) civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, (10) quiet title, (11) usury and fraud, (12) wrongful foreclosure, and (13) breach of security agreement.[1]

---

[1] The court notes that plaintiffs' counsel has filed complaints containing substantially similar, and sometimes identical, allegations and claims on behalf of other plaintiffs

II. <u>Discussion</u>

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009), and where a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).

  A. <u>TILA, HOEPA, and RESPA Claims</u>

A borrower's right to rescind a transaction under TILA expires three years after the consummation of the transaction. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," which cannot be tolled. <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998); <u>see also</u> <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161,

---

against different defendants. <u>See</u> <u>Wadhwa v. Aurora Loan Servs., LLC</u>, No. CIV. 2:10-3361 WBS DAD, 2011 WL 1601593 (E.D. Cal. Apr. 27, 2011); <u>McAnelly v. PNC Mortg.</u>, No. 2:10-cv-02754 MCE GGH, 2011 WL 318575 (E.D. Cal. Feb. 1, 2011). Those complaints were dismissed with leave to amend.

1   1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute
2   limitation on rescission actions' which bars any claims filed
3   more than three years after the consummation of the transaction."
4   (quoting King v. State of Cal., 784 F.2d 910, 913 (9th Cir.
5   1986)).

6         Here, the loan was consummated in December of 2007,
7   (see Compl. ¶ 37, Ex. A), and this action was commenced in
8   January of 2011.  Accordingly, the three-year statute of
9   limitations has run and the court will dismiss the TILA
10  rescission claim.

11        The statute of limitations for a TILA damages claim is
12  one year from the occurrence of a violation.  15 U.S.C. §
13  1640(e).  The "limitations period in [s]ection 1640(e) runs from
14  the date of consummation of the transaction" King, 784 F.2d at
15  915.  "[T]he doctrine of equitable tolling may, in the
16  appropriate circumstances, suspend the limitations period until
17  the borrower discovers or had reasonable opportunity to discover
18  the fraud or nondisclosures that form the basis of the TILA
19  action." Id.  While the applicability of the equitable tolling
20  doctrine often depends on matters outside the pleadings,
21  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th
22  Cir. 1995), dismissal may be appropriate when a plaintiff fails
23  to allege facts suggesting that he did not have a reasonable
24  opportunity to discover the violation.  See Meyer v. Ameriquest
25  Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003); Hubbard v.
26  Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996).

27        Here, plaintiffs have not alleged facts suggesting that
28  they did not have a reasonable opportunity to discover the TILA

4

violations.  Accordingly, the court will dismiss the TILA damages claim.  HOEPA, which is an amendment to TILA, is also subject to the TILA's statute of limitations, and that claim must be dismissed as well.  See Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (O'Neill, J.).

As to plaintiffs' RESPA claim, depending on which specific provision of the statute is asserted, a RESPA claim must be made within one to three years after the RESPA violation.  12 U.S.C. § 2614.  "The RESPA statute of limitations generally begins to run no later than the date of actual disclosure of actions constituting an alleged violation.  Typically, in cases involving loan documents, the statute begins to run when the documents are signed unless evidence is presented to override this assumption."  Metcalf v. Drexel Lending Grp., No. 08-CV-00731, 2008 WL 4748134, at *3 (S.D. Cal. Oct. 29, 2008) (citation omitted).

Here, more than three years have passed since the signing of the loan documents, and plaintiffs have not alleged any facts to support tolling.  Thus, plaintiffs' RESPA claim is time-barred and the court will dismiss the claim as to the moving defendants.

B.   FCRA Claims

Section 1681s-2(a) of the FCRA imposes duties on furnishers of information to credit reporting agencies to ensure that the information provided is accurate, but there is no private right of action for violations.  15 U.S.C. § 1681s-2(d); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002).  However, there is a private right of action for

5

1  violations of § 1681s-2(b), which imposes a duty of
2  reinvestigation on furnishers of information upon notice of a
3  dispute regarding the information.  15 U.S.C. § 1681s-2(d);
4  Nelson, 282 F.3d at 1059-60.  To succeed on such a claim,
5  plaintiffs must allege that they had a dispute with a credit
6  reporting agency regarding the accuracy of an account, that the
7  credit reporting agency notified the furnisher of the
8  information, and that the furnisher failed to take the remedial
9  measures outlined in the statute.  15 U.S.C. § 1681s-2(b).
10         Here, plaintiffs have failed to allege any of these
11 facts.  Accordingly, the court will dismiss the FCRA claim
12 against the moving defendants.
13     C.   <u>Fraudulent Misrepresentation and "Fraud and Usury"</u>
14          <u>Claims</u>
15         In California, the essential elements of a claim for
16 fraud are "(a) a misrepresentation (false representation,
17 concealment, or nondisclosure); (b) knowledge of falsity (or
18 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)
19 justifiable reliance; and (e) resulting damage."  <u>In re Estate of</u>
20 <u>Young</u>, 160 Cal. App. 4th 62, 79 (4th Dist. 2008) (quoting <u>Lazar</u>
21 <u>v. Super. Ct.</u>, 12 Cal. 4th 631, 638 (1996)) (internal quotation
22 marks omitted).
23         Under the heightened pleading requirements for claims
24 of fraud under Federal Rule of Civil Procedure 9(b), "a party
25 must state with particularity the circumstances constituting the
26 fraud."  Fed. R. Civ. P. 9(b).  A plaintiff must include "the
27 who, what, when, where, and how" of the fraud.  <u>Vess v. Ciba-</u>
28 <u>Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting

6

Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)) (internal quotation marks omitted).

Here, plaintiffs fail to allege facts plausibly suggesting fraud. For example, plaintiffs allege that "[d]efendants knowingly and intentionally concealed material information from Plaintiffs which is required by federal and state statutes and regulations to be disclosed to the Plaintiffs both before and after closing." (Compl. ¶ 79.) Plaintiffs do not specify the facts concealed from them. The Complaint is also completely lacking in particularity required by Rule 9(b). Accordingly, the court will dismiss the fraud claim against the moving defendants.

To the extent plaintiffs attempt to state a claim for "usury and fraud," the claim also fails. The elements of a claim for usury are: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994).

Here, plaintiffs do not make allegations about the loan's actual interest rate. They allege that "[t]he 'formula break' a reference to end these laws was exceeded by a factor in excess of 10 contrary to the applicable law." (Compl. ¶ 123.) Plaintiffs, however, fail to sufficiently allege how the interest actually exceeded the statutory maximum rate. Accordingly, the court will dismiss this claim against the moving defendants.

   D.   Breach of Fiduciary Duties

1       The elements of a breach of fiduciary duty claim are
2  (1) existence of a fiduciary relationship; (2) breach of the
3  fiduciary duty; and (3) damage proximately caused by that breach.
4  Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (3d Dist. 2003).
5  A trustee in a nonjudicial foreclosure is "not a true trustee
6  with fiduciary duties, but rather a common agent for the trustor
7  and beneficiary." Pro Value Props., Inc. v. Quality Loan Serv.
8  Corp., 170 Cal. App. 4th 579, 583 (2d Dist. 2009) (quoting
9  Vournas v. Fidelity Nat. Title Ins. Co., 73 Cal. App. 4th 668,
10 677 (4th Dist. 1999)) (internal quotation mark omitted).  A
11 trustee's duties "are exclusively defined by the deed of trust
12 and the governing statutes." Id.
13      Here, plaintiffs have not alleged the existence of a
14 fiduciary relationship, as required to state a claim.  See
15 Roberts, 112 Cal. App. 4th at 1562. Accordingly, the court will
16 dismiss this claim against the moving defendants.
17     E.   Unjust Enrichment
18      Unjust enrichment is not itself an independent claim
19 for relief. McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457,
20 1490 (2d Dist. 2006).  The court therefore construes plaintiffs'
21 purported claim for unjust enrichment as an attempt to plead a
22 claim for relief giving rise to a right of restitution.  A party
23 is required to make restitution "if he or she is unjustly
24 enriched at the expense of another.  A person is enriched if the
25 person receives a benefit at another's expense." McBride v.
26 Boughton, 123 Cal. App. 4th 379, 389 (1st Dist. 2004) (quoting
27 First Nationwide Savings v. Perry (1992) 11 Cal. App. 4th 1657,
28 1662 (1992) (internal quotation mark and citation omitted).

Because plaintiffs fail to adequately plead facts plausibly suggesting that any enrichment of the moving defendants was unjust, (see Compl. ¶¶ 90-95), their claim for unjust enrichment will be dismissed as to the moving defendants.

### F. Civil Conspiracy

Civil conspiracy itself is not an independent claim for relief. Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). Rather, civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Id.

Plaintiffs fail to sufficiently plead civil conspiracy. (See Compl. ¶¶ 96-100.) Plaintiffs merely recite the elements of civil conspiracy: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (2d Dist. 1995). Accordingly, the court will dismiss this claim as to the moving defendants.

### G. Civil RICO Claim

To state a claim under RICO, a plaintiff must allege the existence of a RICO enterprise, the existence of a pattern of racketeering activity, a nexus between the defendant and either the pattern of racketeering activity or the RICO enterprise, and a resulting injury to the plaintiff. Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., 711 F. Supp. 1016, 1021 (E.D. Cal. 1989). To allege a pattern of racketeering activity, a plaintiff must allege two or more predicate acts. Sun Sav. &

1  Loan Ass'n v. Dierdorff, 825 F.2d 187, 193 (9th Cir. 1987).  When
2  the alleged racketeering activity sounds in fraud, the complaint
3  must "state with particularity the circumstances constituting
4  fraud or mistake."  In re Countrywide Fin. Corp. Mortg. Mktg. &
5  Sales Prac. Lit., 601 F. Supp. 2d 1201, 1215 (S.D. Cal. 2009)
6  (quoting Fed. R. Civ. P. 9(b)) (internal quotation mark omitted).
7  To satisfy Rule 9(b) in this context, the plaintiff must "state
8  the time, place, and specific content of the false
9  representations as well as the identities of the parties to the
10 misrepresentation."  Id. (quoting Edwards v. Marin Park, Inc.,
11 356 F.3d 1058, 1066 (9th Cir. 2004)) (internal quotation marks
12 omitted).
13          Plaintiffs do not sufficiently plead the existence of a
14 pattern of racketeering activity in their Complaint, nor do they
15 sufficiently plead the existence of an enterprise under 18 U.S.C.
16 § 1961(4).  This claim also sounds in fraud and plaintiffs have
17 not provided the requisite particularity.  See Fed. R. Civ. P.
18 9(b).  Accordingly, the court will dismiss this claim as to the
19 moving defendants.
20      H.   Quiet Title
21          The purpose of a quiet title action is to establish
22 one's title against adverse claims to real property.  A basic
23 requirement of an action to quiet title is an allegation that
24 plaintiffs "are the rightful owners of the property, i.e., that
25 they have satisfied their obligations under the Deed of Trust."
26 Kelley v. Mortg. Elec. Registration Sys., Inc., 642 F. Supp. 2d
27 1048, 1057 (N.D. Cal. 2009).  California Code of Civil Procedure
28 section 761.020 states that a claim to quiet title requires: (1)

10

a verified complaint, (2) a description of the property, (3) the title for which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.  Cal. Code Civ. Proc. § 761.020.  Plaintiffs, however, fail to allege the nature of the adverse claims and fail to identify the date as of which the determination is sought.  Plaintiffs also have failed to allege that they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." Kelley, 642 F. Supp. 2d at 1057.  Accordingly, the court will dismiss this claim as to the moving defendants.

    I.    <u>Breach of Security Agreement and Wrongful Foreclosure Claims</u>

Plaintiffs' breach of security agreement claim is supported by conclusory, vague allegations, and lumps all defendants together:

> When there is an agreement between the Beneficiary and Trustor, such as the Condition Precedent expressed in Paragraph 20 of the Deed of Trust, a Foreclosure cannot take place before the condition is satisfied.  If the Beneficiary fails to carry out its obligation a subsequent foreclosure is invalid.  Defendants have not complied with any expressed provisions of the Deed of Trust, has speciously trespassed upon the Deed of Trust and Plaintiff's property, and the foreclosure and impending sale must be rendered void and rescinded under California Civil Code § 3513.  Any one may waive the advantage of law intended solely for his benefit.  But a law established for a public reason cannot be contravened by a private agreement. California Civil Code § 3514. One must so use his own rights as not to infringe upon the rights of another.  All the acts of defendants as described in this Complaint are a breach of the security instrument, the Deed of Trust.

(Compl. ¶ 137.)  Plaintiffs' allegations are insufficient to

11

inform each moving defendant of its liability for breach of the security agreement.  Accordingly, the court will dismiss the breach of security agreement claim.

Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale.  See Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (2d Dist. 1971). Plaintiffs have not pled that a foreclosure sale has taken place in this case.  Without such a foreclosure sale, plaintiffs cannot maintain a cause of action in equity to set aside a wrongful foreclosure.  Moreover, this claim is based on the separation of the note from the deed of trust.  (See Compl. ¶ 131.)  It is well-settled that California law does not require production of the note as a condition to proceeding with a non-judicial foreclosure proceeding.  Arvizu v. GMAC Mortg., LLC, No. 1:10-cv-00990 OWW JLT, 2010 WL 3958666, at *5 (E.D. Cal. Oct. 8, 2010); Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009) ("Under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure.").  Accordingly, the court will dismiss the wrongful foreclosure claim as to the moving defendants.

IT IS THEREFORE ORDERED that defendants First American Loanstar Trustee Services, LLC, and First American Title Company's joint motion to dismiss and defendant Placer Title Company's motion to strike, construed as a motion to dismiss, be, and the same hereby are, GRANTED.

Plaintiffs are granted twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

12

DATED: May 11, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE