1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12  MIKE MATRACIA and HEIDI K.          NO. CIV. 2:11-190 WBS JFM
    MATRACIA,
13
            Plaintiffs,                 MEMORANDUM AND ORDER RE:
14                                       MOTIONS TO DISMISS

15          v.

16  JP MORGAN CHASE BANK, NA;
    CHASE HOME FINANCE, LLC; FIRST
17  AMERICAN LOANSTAR TRUSTEE
    SERVICES, LLC; FIRST AMERICAN
18  TITLE INSURANCE COMPANY; and
    COMERICA BANK CALIFORNIA; DOES
19  1 through 10,

20          Defendants.
    _____/

21

22                          ----oo0oo----

23          Plaintiffs Mike Matracia and Heidi K. Matracia bring

24  this action against defendants JP Morgan Chase Bank, NA ("JP

25  Morgan"), Chase Home Finance, LLC ("Chase"), First American

26  Loanstar Trustee Services, LLC ("Loanstar"), First American Title

27  Insurance Company ("FATCO"), and Comerica Bank California,

28  arising from defendants' allegedly wrongful conduct related to a

                                   1

1  residential loan.  Loanstar and FATCO now move to dismiss the

2  First Amended Complaint ("FAC") for failure to state a claim upon

3  which relief can be granted pursuant to Federal Rule of Civil

4  Procedure 12(b)(6), (Docket No. 52), as does JP Morgan for itself

5  and as successor in interest to Chase.  (Docket No. 54.)

6  I.   Factual and Procedural Background

7        In December of 2007, plaintiffs obtained a loan from JP

8  Morgan, secured by their residence at 1659 Bunting Way in

9  Lincoln, California.  (FAC ¶¶ 1, 18, Ex. B (Docket Nos. 39, 41).)

10 Plaintiffs have defaulted on their loan and notices of default

11 and trustee's sale have been filed, although a foreclosure sale

12 has not yet occurred.  (Id. ¶¶ 16, 18, Exs. C, G.)

13        On January 21, 2011, plaintiffs filed the instant

14 action.  The court granted defendants' motion to dismiss the

15 Complaint on May 12, 2011, (Docket No. 27), and plaintiffs then

16 amended their complaint.  Plaintiffs' FAC alleges claims against

17 JP Morgan and Comerica under (1) the Home Ownership and Equity

18 Protection Act ("HOEPA"), 15 U.S.C. § 1639, (2) the Real Estate

19 Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and

20 (3) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f,

21 and against all defendants under (4) the Fair Credit Reporting

22 Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, as well as claims for (5)

23 fraudulent misrepresentation, (6) breach of fiduciary duties, (7)

24 unjust enrichment, (8) civil conspiracy, (9) civil violations of

25 the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

26 18 U.S.C. §§ 1961-1968, (10) quiet title, (11) usury and fraud,

27 (12) wrongful foreclosure, and (13) breach of trust instrument.

28 II.  Discussion

1        On a motion to dismiss, the court must accept the

2   allegations in the complaint as true and draw all reasonable

3   inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

4   U.S. 232, 236 (1974), overruled on other grounds by Davis v.

5   Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

6   (1972).  "To survive a motion to dismiss, a complaint must

7   contain sufficient factual matter, accepted as true, to 'state a

8   claim to relief that is plausible on its face.'"  Ashcroft v.

9   Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting

10  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This

11  "plausibility standard," however, "asks for more than a sheer

12  possibility that a defendant has acted unlawfully," and "[w]here

13  a complaint pleads facts that are 'merely consistent with' a

14  defendant's liability, it 'stops short of the line between

15  possibility and plausibility of entitlement to relief.'"  Iqbal,

16  129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556-57).

17      A.   TILA, HOEPA, and RESPA Claims

18       A borrower's right to rescind a transaction under TILA

19  expires three years after the consummation of the transaction.

20  15 U.S.C. § 1635(f).  "[Section] 1635(f) completely extinguishes

21  the right of rescission at the end of the 3-year period," which

22  cannot be tolled.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412

23  (1998); see also Miguel v. Country Funding Corp., 309 F.3d 1161,

24  1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute

25  limitation on rescission actions' which bars any claims filed

26  more than three years after the consummation of the transaction."

27  (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)).

28       Here, the loan was consummated in December of 2007,

3

1   (see FAC ¶ 18, Ex. B), and this action was commenced in January

2   of 2011.  Accordingly, the three-year statute of limitations has

3   run and the court will dismiss the TILA rescission claim.

4          The statute of limitations for a TILA damages claim is

5   one year from the occurrence of a violation.  15 U.S.C. §

6   1640(e).  The "limitations period in [s]ection 1640(e) runs from

7   the date of consummation of the transaction."  King, 784 F.2d at

8   915.  "[T]he doctrine of equitable tolling may, in the

9   appropriate circumstances, suspend the limitations period until

10  the borrower discovers or had reasonable opportunity to discover

11  the fraud or nondisclosures that form the basis of the TILA

12  action."  Id.  While the applicability of the equitable tolling

13  doctrine often depends on matters outside the pleadings,

14  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th

15  Cir. 1995), dismissal may be appropriate when a plaintiff fails

16  to allege facts suggesting that he did not have a reasonable

17  opportunity to discover the violation.  See Meyer v. Ameriquest

18  Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003); Hubbard v.

19  Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996).

20         Here, plaintiffs have not alleged facts suggesting that

21  they did not have a reasonable opportunity to discover the TILA

22  violations.  Plaintiffs have included cursory allegations

23  throughout the FAC that they did not learn of any violations

24  until May of 2010, and thus any applicable statute of limitation

25  should run from this date.  However, the FAC does not allege that

26  they were somehow unable to compare the allegedly improper

27  disclosures in the loan documents with the required disclosures

28  under TILA, nor do plaintiffs explain why they could not have

4

1  learned of the alleged violations within the statutory period.

2  See <u>Von Brincken v. Mortgageclose.Com, Inc.</u>, No. 2:10-CV-2153 JAM

3  KJN, 2011 WL 2621010, at *3 (E.D. Cal. June 30, 2011).

4  Accordingly, the court will dismiss the TILA damages claim.

5  HOEPA, which is an amendment to TILA, is also subject to the

6  TILA's statute of limitations, and that claim will be dismissed

7  as well.  See <u>Hamilton v. Bank of Blue Valley</u>, 746 F. Supp. 2d

8  1160, 1179 (E.D. Cal. 2010) (O'Neill, J.).

9          Plaintiffs also allege that defendants violated RESPA,

10 12 U.S.C. § 2607, because defendants "excepted [sic] charges for

11 the rendering of real estate services which were in fact charges

12 for other than services actually performed."  (FAC ¶ 59.)  "The

13 primary ill that § 2607 is designed to remedy is the potential

14 for unnecessarily high settlement charges . . . caused by

15 kickbacks, fee-splitting, and other practices that suppress price

16 competition for settlement services.  This ill occurs, if at all,

17 when the plaintiff pays for the [tainted] service, typically at

18 the closing."  <u>Jensen v. Quality Loan Serv. Corp.</u>, 702 F. Supp.

19 2d 1183, 1195 (E.D. Cal. 2010) (Wanger, J.) (quoting <u>Snow v.</u>

20 <u>First Am. Title Ins., Co.</u>, 332 F.3d 356, 359-60 (5th Cir. 2003))

21 (second alteration in original).  A § 2607 claim may be brought

22 within one year from the date of the occurrence of the violation.

23 12 U.S.C. § 2614.  "Barring extenuating circumstances, the date

24 of the occurrence of the violation is the date on which the loan

25 closed."  <u>Solano v. Am.'s Servicing Co.</u>, No. 2:10-cv-02426 GEB

26 GGH, 2011 WL 1669735, at *3 (E.D. Cal. May 3, 2011) (quoting

27 <u>Ayala v. World Sav. Bank, FSB</u>, 616 F. Supp. 2d 1007, 1020 (C.D.

28 Cal. 2009)) (internal quotation marks omitted).

1          Here, more than three years have passed since the loan
2     was made.  As discussed above, plaintiffs do not allege why they
3     could not have discovered the alleged violation within the one-
4     year statutory period.  Therefore, plaintiffs have not shown that
5     equitable tolling applies to their claim.  Furthermore, the claim
6     itself is devoid of factual support for the conclusory allegation
7     that defendants violated RESPA, and it is thus insufficient to
8     state a claim against defendants.  Thus, the court will dismiss
9     plaintiffs' RESPA claim.

10         B.   FCRA Claim

11         Section 1681s-2(a) of the FCRA imposes duties on
12    furnishers of information to credit reporting agencies to ensure
13    that the information provided is accurate, but there is no
14    private right of action for violations.  15 U.S.C. § 1681s-2(d);
15    Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059-60
16    (9th Cir. 2002).  However, there is a private right of action for
17    violations of § 1681s-2(b), which imposes a duty of
18    reinvestigation on furnishers of information upon notice of a
19    dispute regarding the information.  15 U.S.C. § 1681s-2(d);
20    Nelson, 282 F.3d at 1059-60.  To succeed on such a claim,
21    plaintiffs must allege that they had a dispute with a credit
22    reporting agency regarding the accuracy of an account, that the
23    credit reporting agency notified the furnisher of the
24    information, and that the furnisher failed to take the remedial
25    measures outlined in the statute.  15 U.S.C. § 1681s-2(b).

26         Here, plaintiffs have failed to allege any of these
27    facts.  Accordingly, the court will dismiss the FCRA claim.

28         C.   Fraudulent Misrepresentation and "Fraud and Usury"

1        <u>Claims</u>

2            In California, the essential elements of a claim for

3   fraud are "(a) a misrepresentation (false representation,

4   concealment, or nondisclosure); (b) knowledge of falsity (or

5   'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

6   justifiable reliance; and (e) resulting damage."  <u>In re Estate of</u>

7   <u>Young</u>, 160 Cal. App. 4th 62, 79 (4th Dist. 2008) (quoting <u>Lazar</u>

8   <u>v. Super. Ct.</u>, 12 Cal. 4th 631, 638 (1996)) (internal quotation

9   marks omitted).

10           Plaintiffs allege that JP Morgan concealed the fact

11  that the note would be converted into a Mortgage-Backed Security

12  Investment Trust and that JP Morgan, Loanstar, and FATCO filed

13  documents with the Placer County Recorder's Office even though

14  they had no interest in the note.  (FAC ¶¶ 68-69.)  Both alleged

15  misrepresentations rely on the theory that securitization of a

16  loan somehow removes the lender's ability to foreclose.  This

17  theory has been roundly rejected.  <u>See, e.g.</u>, <u>Lane v. Vitek Real</u>

18  <u>Estate Indus. Grp.</u>, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010)

19  (Shubb, J.) (collecting cases); <u>Upperman v. Deutsche Bank Nat'l</u>

20  <u>Trust Co.</u>, Civil Action No. 01:10-cv-149, 2010 WL 1610414, at *2

21  (E.D. Va. Apr. 16, 2010) ("There is no legal authority that the

22  sale or pooling of investment interests in an underlying note can

23  relieve borrowers of their mortgage obligations or extinguish a

24  secured party's rights to foreclose on secured property.").

25  Accordingly, plaintiffs have failed to allege any

26  misrepresentation or resulting reliance and damages, and the

27  court will dismiss plaintiffs' fraudulent misrepresentation

28  claim.

1    To the extent plaintiffs attempt to state a claim for

2 "usury and fraud," the claim also fails.  The elements of a claim

3 for usury are: "(1) The transaction must be a loan or

4 forbearance; (2) the interest to be paid must exceed the

5 statutory maximum; (3) the loan and interest must be absolutely

6 repayable by the borrower; and (4) the lender must have a willful

7 intent to enter into a usurious transaction."  Ghirardo v.

8 Antonioli, 8 Cal. 4th 791, 798 (1994).

9    Here, plaintiffs do not make allegations about the

10 loan's actual interest rate.  They allege that "[t]he 'formula

11 break' a reference to end these laws was exceeded by a factor in

12 excess of 10 contrary to the applicable law."  (FAC ¶ 121.)

13 Plaintiffs, however, fail to sufficiently allege how the interest

14 actually exceeded the statutory maximum rate.  Accordingly, the

15 court will dismiss this claim.

16    D.   Breach of Fiduciary Duties Claim

17    The elements of a breach of fiduciary duty claim are

18 (1) existence of a fiduciary relationship; (2) breach of the

19 fiduciary duty; and (3) damage proximately caused by that breach.

20 Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (3d Dist. 2003).

21 "Absent 'special circumstances' a loan transaction 'is at

22 arms-length and there is no fiduciary relationship between the

23 borrower and lender.'"  Rangel v. DHI Mortg. Co., No. CV F

24 09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009)

25 (quoting Oaks Mgmt. Corp. v. Super. Ct., 145 Cal. App. 4th 453,

26 466 (4th Dist. 2006)).  Plaintiffs have not alleged that any

27 special circumstances existed.

28    Because plaintiffs have not alleged the existence of a

1  fiduciary relationship, as required to state a claim, <u>see</u>

2  <u>Roberts</u>, 112 Cal. App. 4th at 1562, the court will dismiss this

3  claim.

4       E.   <u>Unjust Enrichment Claim</u>

5            Unjust enrichment is not itself an independent claim

6  for relief.  <u>McKell v. Wash. Mut., Inc.</u>, 142 Cal. App. 4th 1457,

7  1490 (2d Dist. 2006).  The court therefore construes plaintiffs'

8  purported claim for unjust enrichment as an attempt to plead a

9  claim for relief giving rise to a right of restitution.  A party

10 is required to make restitution "if he or she is unjustly

11 enriched at the expense of another.  A person is enriched if the

12 person receives a benefit at another's expense." <u>McBride v.</u>

13 <u>Boughton</u>, 123 Cal. App. 4th 379, 389 (1st Dist. 2004) (quoting

14 <u>First Nationwide Savings v. Perry</u> (1992) 11 Cal. App. 4th 1657,

15 1662 (6th Dist. 1992) (internal quotation mark and citation

16 omitted).  Because plaintiffs fail to adequately plead facts

17 plausibly suggesting that any of defendants' enrichment was

18 unjust, (<u>see</u> FAC ¶¶ 80-85), their claim for unjust enrichment

19 will be dismissed.

20      F.   <u>Civil Conspiracy Claim</u>

21           Civil conspiracy itself is not an independent claim for

22 relief.  <u>Applied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal.

23 4th 503, 510-11 (1994).  Rather, civil conspiracy is a "legal

24 doctrine that imposes liability on persons who, although not

25 actually committing a tort themselves, share with the immediate

26 tortfeasors a common plan or design in its perpetration." <u>Id.</u>

27 Standing alone, a conspiracy does no harm and engenders no tort

28 liability.  It must be activated by the commission of an actual

9

1  tort.  Von Brincken, 2011 WL 2621010, at *6.  Accordingly, as the

2  court is dismissing all other claims in the FAC upon which

3  plaintiffs' conspiracy claim could possibly be based, the court

4  will dismiss this claim.

5       G.   Civil RICO Claim

6            Plaintiffs' ninth cause of action asserts that

7  defendants have violated RICO through committing violations of

8  federal law involving mortgage lending, bank regulations,

9  consumer credits, mail fraud, and bank fraud.  (FAC ¶¶ 96-97.)

10 Liability under the civil RICO statutes requires the conduct of

11 an enterprise through a pattern of racketeering activity.  Miller

12 v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004).

13 Racketeering activity includes any act which is indictable under

14 certain provisions of Title 18 of the United States Code.  See 18

15 U.S.C. § 1961(1)(b).

16           To properly plead a RICO violation for civil damages, a

17 plaintiff must show that the defendants, through two or more acts

18 constituting a pattern, participated in an activity affecting

19 interstate commerce.  Sanford v. MemberWorks, Inc., 625 F.3d 550,

20 557 (9th Cir. 2010).  The heightened pleading requirements of

21 Rule 9(b) apply to civil RICO fraud claims.  Mostowfi v. i2

22 Telecom Int'l, Inc., 269 F. App'x 621, 623 (9th Cir. 2008)

23 (citing Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th

24 Cir. 2004)).  In addition, Rule 9(b) "may apply to claims--that

25 although lacking fraud as an element--are 'grounded' or 'sound'

26 in fraud."  Id. (quoting Vess v. Ciba-Geigy Corp., 317 F.3d 1097,

27 1103-04 (9th Cir. 2003)).  A claim is "grounded in fraud" when it

28 alleges a unified course of fraudulent conduct.  Id.  Rule 9(b)

requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The Ninth Circuit has held that "to avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'"  Edwards, 356 F.3d at 1066 (quoting Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1989)).

     In the present case, plaintiffs have failed to state with particularity the circumstances constituting fraud and have therefore failed to meet the heightened pleading requirements of Rule 9(b).  Plaintiffs' claim is grounded in fraud, as plaintiffs allege that defendants engaged in a pattern of racketeering activity with the objective of perpetrating fraud.  (FAC ¶ 93.) However, plaintiffs make only vague statements referring to laws allegedly broken by defendants without actually explaining how those laws were broken or pleading the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation[s]."  Edwards, 356 F.3d at 1066.  Accordingly, the court will dismiss this claim.

     H.   Quiet Title Claim

     The purpose of a quiet title action is to establish one's title against adverse claims to real property.  A basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e.[,] that they have satisfied their obligations under the Deed of Trust." Kelley v. Mortg. Elec. Registration Sys., Inc., 642 F. Supp. 2d

1048, 1057 (N.D. Cal. 2009).  California Code of Civil Procedure section 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title for which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.  Cal. Civ. Proc. Code § 761.020.   Plaintiffs fail to allege the nature of the adverse claims and fail to identify the date as of which the determination is sought.  Plaintiffs also have failed to allege that they are the rightful owners of the property.  Accordingly, the court will dismiss this claim.

   I.   <u>Wrongful Foreclosure Claim</u>

        Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale.  <u>See</u> <u>Karlsen v. Am. Sav. & Loan Ass'n</u>, 15 Cal. App. 3d 112, 117 (2d Dist. 1971). Plaintiffs have not pled that a foreclosure sale has taken place in this case.  Without such a foreclosure sale, plaintiffs cannot maintain a cause of action in equity to set aside a wrongful foreclosure.  Accordingly, the court will dismiss the wrongful foreclosure claim.

   J.   <u>Breach of Trust Instrument Claim</u>

        In support of their claim for breach of the trust agreement, plaintiffs allege that Loanstar filed the Notice of Default before it was substituted as trustee.  (FAC ¶ 138.) However, Loanstar recorded the notice of default "[a]s agent for the current beneficiary," (FAC Ex. C), which arguably renders the notice proper under California Civil Code section 2924(a)(1),

1  which authorizes the beneficiary, trustee, or their agents to

2  record the notice of default.  Cal. Civ. Code § 2924(a)(1).  Even

3  if the notice was problematic, by the time the Notice of Sale was

4  filed, Loanstar was properly substituted as trustee.  (FAC Exs.

5  D, G.)  Once the substitution was recorded, Loanstar "succeed[ed]

6  to all the powers, duties, authority, and title granted and

7  delegated to the trustee named in the deed of trust."  Cal. Civ.

8  Code § 2934a(a)(4).  Because the Notice of Default was properly

9  filed by an agent of the trustee or beneficiary, Loanstar assumed

10 the trustee's powers upon the recording of the substitution.

11       Plaintiffs also allege that defendants breached the

12 trust instrument by failing to follow the provisions regarding

13 notice of acceleration and notice to cure.  (FAC ¶ 139.)

14 Plaintiffs attached the recorded Notice of Default to their FAC,

15 which clearly states that plaintiffs could bring their account

16 into good standing by paying the past-due amounts no later than

17 five days before the foreclosure sale.  (FAC Ex. C.)  The Deed of

18 Trust contained an acceleration clause, (id. Ex. B), and the

19 Notice of Default was therefore allowed to contain a notice of

20 acceleration.  Because the text of the Notice of Default

21 contradicts plaintiffs' claim that defendants failed to inform

22 them of the possibility of acceleration and their right to cure,

23 the court will dismiss plaintiffs' claim for breach of trust

24 instrument.  See Thomas v. Fed. Nat'l Mortg. Ass'n, 408 F. App'x

25 122, 122 (9th Cir. 2011) (affirming dismissal of claim for

26 improper notice of default when notice, attached to complaint,

27 clearly satisfied requirements of Deed of Trust).

28       IT IS THEREFORE ORDERED that Loanstar and FATCO's

13

1  motion to dismiss and JP Morgan and Chase's motion to dismiss be,

2  and the same hereby are, GRANTED.

3          Plaintiffs may file an amended complaint within twenty

4  days of the date of this Order, if they can do so consistent with

5  this Order.

6  DATED:    July 29, 2011

8          WILLIAM B. SHUBB
9          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14