UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MIKE MATRACIA and HEIDI K. MATRACIA,

        Plaintiffs,

   v.

JP MORGAN CHASE BANK, NA; CHASE HOME FINANCE, LLC; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; FIRST AMERICAN TITLE INSURANCE COMPANY; and COMERICA BANK CALIFORNIA; DOES 1 through 10,

        Defendants.
/

NO. CIV. 2:11-190 WBS JFM

MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS

----oo0oo----

        Plaintiffs Mike Matracia and Heidi K. Matracia bring this action against defendants JP Morgan Chase Bank, NA ("JP Morgan"), Chase Home Finance, LLC ("Chase"), First American Loanstar Trustee Services, LLC ("Loanstar"), First American Title Insurance Company ("FATCO"), and Comerica Bank California ("Comerica"), arising from defendants' allegedly wrongful conduct

1

related to a residential loan.  Loanstar and FATCO, jointly, and JP Morgan, for itself and as successor in interest to Chase, now move to dismiss the Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket Nos. 76, 79).

I.   Factual and Procedural Background

In December of 2007, plaintiffs obtained a loan from JP Morgan, secured by their residence at 1659 Bunting Way in Lincoln, California.  (SAC ¶¶ 1, 22, Ex. B.)  Plaintiffs have defaulted on their loan and notices of default and trustee's sale have been filed, although it does not appear that a foreclosure sale has yet occurred.  (Id. ¶¶ 18, 22, Exs. C, G.)

On January 21, 2011, plaintiffs filed the instant action.  The court granted defendants' motion to dismiss the Complaint on May 12, 2011, (Docket No. 27), and plaintiffs then filed an amended complaint, (Docket No. 39).  The court granted defendants' motions to dismiss the First Amended Complaint ("FAC") on July 29, 2011, giving plaintiffs leave to amend.  (Docket No. 69.)  On August 18, 2011, plaintiffs filed their SAC, which alleges claims against JP Morgan and Comerica under (1) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and (2) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and against all defendants under (3) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, as well as claims for (4) fraudulent misrepresentation, (5) civil conspiracy, (6) civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, (7) usury and fraud, (8) wrongful foreclosure, and (9) breach of

2

security instrument.

Plaintiffs voluntarily dismissed their claims against Comerica without prejudice on October 11, 2011. (Docket No. 81.)

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 556-57).

A. TILA and RESPA Claims

A borrower's right to rescind a transaction under TILA expires three years after the consummation of the transaction. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," which cannot be tolled. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute

3

limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986))).

As the court pointed out in its July 29, 2011, Order, the loan was consummated in December of 2007, (see SAC ¶ 22, Ex. B), and this action was commenced in January of 2011. Accordingly, the three-year statute of limitations has run and the court will, again, dismiss the TILA rescission claim.

The statute of limitations for a TILA damages claim expires one year after the occurrence of a violation. 15 U.S.C. § 1640(e). The "limitations period in [§] 1640(e) runs from the date of consummation of the transaction." King, 784 F.2d at 915. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id. While the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995), dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996).

Here, plaintiffs have reproduced the cursory allegations contained in the FAC that they did not have a reasonable opportunity to discover the TILA violations until May of 2010. (SAC ¶ 54.) The SAC contains the same defect as did

4

the FAC in that it does not allege that plaintiffs were somehow unable to compare the allegedly improper disclosures in the loan documents with the required disclosures under TILA, nor does it explain why plaintiffs could not have learned of the alleged violations within the statutory period.  See Von Brincken v. Mortgageclose.Com, Inc., No. 2:10-CV-2153, 2011 WL 2621010, at *3 (E.D. Cal. June 30, 2011).  Accordingly, the court will dismiss the TILA damages claim.

        Plaintiffs also allege that defendants violated RESPA, 12 U.S.C. § 2607, because defendants "accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed."  (SAC ¶ 49.)  As this court explained in its earlier Order, "[t]he primary ill that § 2607 is designed to remedy is the potential for unnecessarily high settlement charges . . . caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services.  This ill occurs, if at all, when the plaintiff pays for the [tainted] service, typically at the closing."  (Docket No. 69 at 5 (quoting Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) (second alteration in original)) (internal quotation marks omitted).)  A claim under § 2607 may be brought within one year "from the date of the occurrence of the violation."  12 U.S.C. § 2614.  "Barring extenuating circumstances, the date of the occurrence of the violation is the date on which the loan closed."  Solano v. Am.'s Servicing Co., No. 2:10-cv-02426, 2011 WL 1669735, at *3 (E.D. Cal. May 3, 2011) (quoting Ayala v. World Sav. Bank, FSB, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009)) (internal quotation marks

5

omitted).

Here, more than three years have passed since the loan was made. In the SAC, plaintiffs attempt to excuse their failure to bring a claim in a timely manner by recycling the perfunctory claim that they were unable to discover any violations until May of 2010. (SAC ¶ 50.) Plaintiffs still do not allege why they could not have discovered the alleged violation within the one-year statutory period. Therefore, plaintiffs still have not shown that equitable tolling applies to their claim. Furthermore, plaintiffs have added no factual support for the conclusory allegation that defendants violated RESPA and therefore have not remedied the pleading defect that the court pointed out in its previous Order. Thus, the court will dismiss plaintiffs' RESPA claim.

B.  <u>FCRA Claim</u>

Section 1681s-2(a) of the FCRA imposes duties on furnishers of information to credit reporting agencies to ensure that the information provided is accurate, but there is no private right of action for violations. 15 U.S.C. § 1681s-2(d); <u>Nelson v. Chase Manhattan Mortg. Corp.</u>, 282 F.3d 1057, 1059-60 (9th Cir. 2002). However, there is a private right of action for violations of § 1681s-2(b), which imposes a duty of reinvestigation on furnishers of information upon notice of a dispute regarding the information. 15 U.S.C. § 1681s-2(b); <u>Nelson</u>, 282 F.3d at 1059-60. To succeed on such a claim, plaintiffs must allege that they had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the

6

information, and that the furnisher failed to take the remedial measures outlined in the statute.  15 U.S.C. § 1681s-2(b).

Plaintiffs have failed to allege any of these facts. All that plaintiffs have added to their FCRA claim is a reference to the contents of a Consent Cease and Desist Order issued by the Comptroller of the Currency ("OCC") in which the OCC "identified certain deficiencies and unsafe or unsound practices in residential mortgage servicing and in [JP Morgan's] initiation and handling of foreclosure proceedings."  (SAC Ex. J, at 1.) However, this document is an agreement between JP Morgan and the OCC, and contains no facts specific to plaintiffs, plaintiffs' loan, or any dispute that plaintiffs may have had with a credit reporting agency regarding the accuracy of an account. Accordingly, the court will dismiss the FCRA claim.

C.   Fraudulent Misrepresentation and "Fraud and Usury" Claims

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160 Cal. App. 4th 62, 79 (4th Dist. 2008) (quoting Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996)) (internal quotation marks omitted).

Plaintiffs duplicate, almost word-for-word, the fraud claim from their FAC, which the court found inadequate in its July 29, 2011, Order.  (FAC ¶¶ 67-74; SAC ¶¶ 61-68; Docket No. 69 at 7.)  They again allege that JP Morgan concealed the fact that

7

the note would be converted into a Mortgage-Backed Security Investment Trust and that JP Morgan, Loanstar, and FATCO filed documents with the Placer County Recorder's Office even though they had no interest in the note. (SAC ¶¶ 62-64.) Both alleged misrepresentations rely on the theory that securitization of a loan somehow removes the lender's ability to foreclose. This theory, as the court has previously pointed out, has been soundly rejected. Docket No. 69 at 7 (citing Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (Shubb, J.) (collecting cases); Upperman v. Deutsche Bank Nat'l Trust Co., Civil Action No. 01:10-cv-149, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010) ("There is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property.")). Plaintiffs have failed to allege any misrepresentation or resulting reliance and damages, and the court will dismiss plaintiffs' fraudulent misrepresentation claim.

Plaintiffs' reassertion of a claim for "usury and fraud" is no more successful. The elements of a claim for usury are: "(1) the transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994).

Here, again, plaintiffs essentially reproduce the claim from their FAC that this court found inadequate in its previous

8

1 Order.  (FAC ¶¶ 116-122; SAC ¶¶ 95-101; Docket No. 69 at 8.)
2 They allege that "[t]he 'formula break' a reference to end these
3 laws was exceeded by a factor in excess of 10 contrary to the
4 applicable law."  (SAC ¶ 100.)  Plaintiffs, however, still fail
5 to sufficiently allege how the interest actually exceeded the
6 statutory maximum rate.  Accordingly, the court will dismiss this
7 claim.

       D.   <u>Civil Conspiracy Claim</u>

Civil conspiracy itself is not an independent claim for relief.  <u>Applied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 510-11 (1994).  Rather, civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  <u>Id.</u> "Standing alone, a conspiracy does no harm and engenders no tort liability.  It must be activated by the commission of an actual tort."  <u>Von Brincken</u>, 2011 WL 2621010, at *6.

Plaintiffs predicate their civil conspiracy charge on underlying claims of fraud and breach of fiduciary duty.  (SAC ¶¶ 70-72, 75.)  As discussed above, plaintiffs have not stated a valid fraud claim.  If plaintiffs' conspiracy claim is to be held valid, then, it must be on the basis of plaintiffs' breach of fiduciary duty claim.  That claim, however, is merely a reproduction of the breach of fiduciary duty claim that the court dismissed from the FAC for failure to adequately state a claim upon which relief can be granted.  (FAC ¶¶ 76-77; SAC ¶¶ 71-72; Docket No. 69 at 7-8.)

The elements of a claim for breach of fiduciary duty

9

1 are (1) existence of a fiduciary relationship; (2) breach of the
2 fiduciary duty; and (3) damage proximately caused by that breach.
3 Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (3d Dist. 2003).
4 "[A]s a general rule, a financial institution owes no duty of
5 care to a borrower when the institution's involvement in the loan
6 transaction does not exceed the scope of its conventional role as
7 a mere lender of money." Bridgeman v. United States, No. 10-
8 01457, 2011 U.S. Dist. LEXIS 6059, at *52 (E.D. Cal. Jan. 21,
9 2011) (citing Nymark v. Heart Fed. Savs. & Loan Ass'n, 231 Cal.
10 App. 3d 1089 (3d Dist. 1991). A trustee in a nonjudicial
11 foreclosure is "not a true trustee with fiduciary duties, but
12 rather a common agent for the trustor and beneficiary." Pro
13 Value Props., Inc. v. Quality Loan Serv. Corp., 170 Cal. App. 4th
14 579, 583 (2d Dist. 2009) (quoting Vournas v. Fidelity Nat. Title
15 Ins. Co., 73 Cal. App. 4th 668, 677 (4th Dist. 1999)) (internal
16 quotation mark omitted). A trustee's duties "are exclusively
17 defined by the deed of trust and the governing statutes." Id.
18          Plaintiffs have not remedied the flaw that was fatal to
19 the claim for breach of fiduciary duty in their FAC--they still
20 do not allege the existence of a fiduciary relationship.
21 Accordingly, as there is no valid claim in the SAC upon which
22 plaintiffs' civil conspiracy claim could be based, the court will
23 dismiss plaintiffs' civil conspiracy claim.
24   E.   Civil RICO Claim
25          Plaintiffs' sixth cause of action asserts that
26 defendants have violated RICO by committing violations of federal
27 law involving mortgage lending, bank regulations, consumer
28 credits, mail fraud, and bank fraud. (SAC ¶¶ 82-83.)  Liability

10

1  under the civil RICO statutes requires the conduct of an
2  enterprise through a pattern of racketeering activity. <u>Miller v.</u>
3  <u>Yokohama Tire Corp.</u>, 358 F.3d 616, 620 (9th Cir. 2004).
4  Racketeering activity includes any act which is indictable under
5  certain provisions of Title 18 of the United States Code. <u>See</u> 18
6  U.S.C. § 1961(1)(b).

7       To properly plead a RICO violation for civil damages, a
8  plaintiff must show that the defendants, through two or more acts
9  constituting a pattern, participated in an activity affecting
10 interstate commerce. <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550,
11 557 (9th Cir. 2010). The heightened pleading requirements of
12 Rule 9(b) apply to civil RICO fraud claims. <u>Mostowfi v. i2</u>
13 <u>Telecom Int'l, Inc.</u>, 269 F. App'x 621, 623 (9th Cir. 2008)
14 (citing <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th
15 Cir. 2004)). In addition, Rule 9(b) "may apply to claims--that
16 although lacking fraud as an element--are 'grounded' or 'sound'
17 in fraud." <u>Id.</u> (quoting <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097,
18 1103-04 (9th Cir. 2003)). A claim is "grounded in fraud" when it
19 alleges a unified course of fraudulent conduct. <u>Id.</u> at 624.
20 Rule 9(b) requires that when "alleging fraud or mistake, a party
21 must state with particularity the circumstances constituting
22 fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has
23 held that "to avoid dismissal for inadequacy under Rule 9(b),
24 [the] complaint would need to 'state the time, place, and
25 specific content of the false representations as well as the
26 identities of the parties to the misrepresentation.'" <u>Edwards</u>,
27 356 F.3d at 1066 (quoting <u>Alan Neuman Prods., Inc. v. Albright</u>,
28 862 F.2d 1388, 1393 (9th Cir. 1989)).

11

Plaintiffs' claim is grounded in fraud, as plaintiffs allege that defendants engaged in a pattern of racketeering activity with the objective of perpetrating fraud. (SAC ¶ 79.) In the SAC, as in their FAC, plaintiffs have failed to state the circumstances constituting fraud with particularity and have therefore failed to meet the heightened pleading requirements of Rule 9(b). All that plaintiffs have added to the claim dismissed from the FAC are references to allegations found elsewhere in the Complaint, which were also present in the FAC, and a conclusory statement that, "[a]s a direct result of the actions of the Defendants, Plaintiffs have and continue to suffer damages." (SAC ¶¶ 87, 93.) Plaintiffs still make only vague statements referring to laws allegedly broken by defendants without actually explaining how those laws were broken or pleading the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation[s]." Edwards, 356 F.3d at 1066. Accordingly, the court will dismiss this claim.

    F.    Wrongful Foreclosure Claim

Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale. See Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (2d Dist. 1971). Plaintiffs have not pled that a foreclosure sale has taken place in this case. Without such a foreclosure sale, plaintiffs cannot maintain a cause of action in equity to set aside a wrongful foreclosure. Accordingly, the court will dismiss the wrongful

foreclosure claim.[1]

    G.   <u>Breach of Security Instrument Claim</u>

In support of their claim for breach of the trust agreement, plaintiffs allege that Loanstar filed the Notice of Default before it was substituted as trustee. (SAC ¶ 117.) However, as the court pointed out in its previous Order, Loanstar recorded the Notice of Default "[a]s agent for the current beneficiary." (SAC Ex. C.) This arguably renders the notice proper under California Civil Code section 2924(a)(1), which authorizes the beneficiary, trustee, or their agents to record the notice of default. Cal. Civ. Code § 2924(a)(1). Even if the Notice of Default was problematic, by the time the Notice of Sale was filed, Loanstar was properly substituted as trustee, (SAC Exs. D, G), and, once the substitution was recorded, Loanstar "succeed[ed] to all the powers, duties, authority, and title granted and delegated to the trustee named in the deed of trust." Cal. Civ. Code § 2934a(a)(4).

Plaintiffs also allege that defendants breached the trust instrument by failing to follow the provisions regarding notice of acceleration and notice to cure. (SAC ¶ 118.) Plaintiffs attached the recorded Notice of Default to their SAC,

---

[1] Although it is not entirely clear, in their opposition to JP Morgan's motion to dismiss, plaintiffs seem to discuss a potential claim under California Civil Code section 2923.5 for failure to contact the borrower prior to entering a notice of default. (Pls.' Opp'n to Defs.' Mot. to Dismiss at 10-16 (Docket No. 84).) Such a claim does not appear on the face of the FAC, and so the court will not address plaintiffs' arguments on this point except to note that, while plaintiffs demand a "permanent injunction against Defendants," (SAC ¶ 115), the only remedy for a violation of section 2923.5 is postponement of a foreclosure sale, <u>Mabry v. Superior Court</u>, 185 Cal. App. 4th 208, 235 (4th Dist. 2010).

13

which clearly states that plaintiffs could bring their account into good standing by paying the past-due amounts no later than five days before the foreclosure sale. (SAC Ex. C.) The Deed of Trust contained an acceleration clause, (id. Ex. B), and the Notice of Default was therefore allowed to contain a notice of acceleration. Because the text of the Notice of Default contradicts plaintiffs' claim that defendants failed to inform them of the possibility of acceleration and their right to cure, the court will dismiss plaintiffs' claim for breach of trust instrument. See Thomas v. Fed. Nat'l Mortg. Ass'n, 408 F. App'x 122, 122 (9th Cir. 2011) (affirming dismissal of claim for improper notice of default when notice, attached to complaint, clearly satisfied requirements of Deed of Trust).[2]

### H. Further Amendments

While leave to amend must be freely given, the court is not required to permit futile amendments. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d

---

[2] In their Opposition, plaintiffs raise two additional actions which they state resulted in breach of the trust instrument. First, plaintiffs state that defendants breached the trust instrument by failing to notify plaintiffs of an assignment of their loan as required in paragraph 20 of the Deed of Trust. (Pls.' Opp'n to Defs.' Mot. to Dismiss at 22 (Docket No. 83).) That paragraph, however, states that notice is only required when the loan servicer changes and that notice is not required when the note or a partial interest in the note is transferred. (SAC Ex. B at 11.) Plaintiffs have alleged no facts that show that the loan servicer changed. Second, plaintiffs criticize defendants for "declaring an exemption nearly six (6) months after the exemption was repealed." (Pls.' Opp'n to Defs.' Mot. to Dismiss at 9 (emphasis removed) (Docket No. 83).) In actual fact, the statutes under which defendants were claiming an exemption were not repealed until January 1, 2011, Cal. Civ. Code §§ 2923.52, 2923.53, 3934.54, over a month after defendants claimed the exemption, see SAC Ex. G (claiming exemption in documents recorded November 24, 2010).

1276, 1293 (9th Cir. 1983); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  In its July 29, 2011, Order, the court specifically advised plaintiffs of the pleading defects in their FAC and how to rectify them, and gave plaintiffs the opportunity to file a SAC.  As explained above, plaintiffs' SAC fails to correct any of these defects.

It is evident that further amendment will not help plaintiffs satisfy applicable pleading standards in their claims against First American and JP Morgan.  As the deficiencies that the court pointed out in its previous Order remain uncorrected, the court can only conclude that plaintiffs are either unwilling or unable to properly plead the causes of action they have asserted.  Cf. Garcia ex rel. Marin v. Clovis Unified Sch. Dist., No. 08-1924, 2009 WL 2982900, at *9 (E.D. Cal. Sept. 14, 2009).  Dismissal without leave to amend is therefore appropriate.

IT IS THEREFORE ORDERED that JP Morgan's and FATCO's motions to dismiss be, and the same hereby are, GRANTED.  This action is hereby DISMISSED, with prejudice.

DATED:  November 3, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

15